UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK DALEY,
    Plaintiff,

v.                                  Case No.:  3:25cv42/AW/ZCB

SANTA ROSA CORRECTIONAL
INSTITUTION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. (Doc. 1). On January 30, 2025, the Court directed Plaintiff to file an amended civil rights complaint within thirty days. (Doc. 5). The Court directed the Clerk of Court to send Plaintiff the complaint form and notified Plaintiff that his failure to comply with an order of the Court would result in a recommendation of dismissal of this case. (*Id.* at 2).

The order was served on Plaintiff at this record address. (*Id.*). It was later returned with a notation that Plaintiff was "Released or Transferred" to an FDOC institution. (Doc. 7). The Clerk of Court verified Plaintiff's address on the FDOC's inmate locator and re-served a copy of the returned mail as a courtesy. (Doc. 6; Doc. 6-2; Doc. 7). The

1

Clerk also reminded Plaintiff of his obligation to maintain a current mailing address with the Court and instructed him to immediately file a notice of change of address. (Doc. at 6-2).

The deadline for filing an amended complaint passed with no response from Plaintiff. The Court made another attempt to communicate with him by issuing an order directing him to show cause why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 9). That order was also returned with the same notation, "Released or Transferred." (Doc. 10).

The Court made a final attempt to communicate with Plaintiff by issuing another show cause order on April 10, 2025. (Doc. 11). The Court sent that order to Plaintiff's release address listed on the FDOC's inmate locator. (*Id.*). The order was returned as undeliverable. (Doc. 12).

As of today's date, Plaintiff has not updated his address, filed an amended complaint, or otherwise communicated with the Court. Dismissal of the case without prejudice is an appropriate sanction for Plaintiff's non-compliance and his failure to keep the Court apprised of his current address. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court

may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order); *see also, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *adopted by*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to provide the Court with his current mailing address.  *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914 (11th Cir. 2018) (affirming dismissal where *pro se* litigant failed to file an amended complaint as directed by the district court).

3

At Pensacola, Florida, this 23rd day of April 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.